FILED
AUG 1 7 2026
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
YOUNGSTOWN

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF OHIO

# EASTERN DIVISION

4:26 CV 01939

**TOSCA SHARANNE OWENS TRUST,**
By and through Tosca Sharanne Owens,
Trustee,
1326 Southern Blvd NW
Warren, OH 44485-2044,
*Plaintiff*,

v.

**FORD MOTOR CREDIT COMPANY LLC,**
d/b/a Ford Credit / Lincoln Automotive
Financial Services,
P.O. Box 30201
College Station, TX 77842,
*Defendant*.

**CASE NO.:** ____________________

**COMPLAINT FOR CIVIL DAMAGES, BREACH OF CONTRACT, CONVERSION, AND DECLARATORY RELIEF**

**DEMAND FOR JURY TRIAL**

JUDGE PEARSON
MAG JUDGE KNAPP

## COMPLAINT FOR DAMAGES, STATUTORY VIOLATIONS, AND DECLARATORY RELIEF

Plaintiff, **TOSCA SHARANNE OWENS TRUST** ("Plaintiff"), by and through Trustee Tosca Sharanne Owens, brings this action against Defendant, **FORD MOTOR CREDIT COMPANY LLC** ("Defendant" or "Ford Credit"), and alleges as follows:

## I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (Diversity of Citizenship), as Plaintiff is an Ohio Trust whose Trustee resides in Trumbull County, Ohio, Defendant is a foreign limited liability company headquartered outside Ohio, and the matter in controversy exceeds $75,000, exclusive of interest and costs. This Court also possesses federal question jurisdiction pursuant to 28 U.S.C. § 1331 via the Fair Credit Reporting Act (15

U.S.C. § 1681 et seq.) and Federal Reserve Regulation CC (12 C.F.R. Part 229).

2. Venue is proper in the Northern District of Ohio pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in Trumbull County, Ohio.

## II. PARTIES

3. Plaintiff **TOSCA SHARANNE OWENS TRUST** is a valid legal trust entity holding title to real and personal property, situated in Warren, Trumbull County, Ohio.

4. Defendant **FORD MOTOR CREDIT COMPANY LLC** is a global financial services company conducting regular auto financing and credit business within the State of Ohio and Trumbull County.

## III. STATEMENT OF FACTS & LEGAL STANDARDS FOR PRE-FUNDED CASH ITEMS

5. Plaintiff maintained a commercial installment auto financing account with Defendant under Account Number 65216825 (VIN: 2FMPK4J98RBA94911) for a 2024 Ford Edge purchased from Klaben Ford Lincoln of Warren, Inc.

6. On or around June 3, 2026, Plaintiff submitted a regular monthly installment payment of $428.23 via USPS Postal Money Order (#55360135444).

7. On or around June 9, 2026, Plaintiff issued formal notice ("Notice of High-Value Fiscal Clearing and Account Settlement") and tendered a total payoff instrument in the amount of $20,065.00 (Check #501074) directly to Defendant's Executive Accounts & Payoff Processing Division.

8. The payoff instrument tendered by Plaintiff constituted a pre-funded valid cash item drawn directly on a Federal Reserve Bank Master Account, acting as the paying bank within the Federal Reserve System's closed-loop clearing architecture, formatted under ANSI X9.100-187 Electronic Image Cash Letter (ICL) standards, establishing tokenized cryptographic Record Type 31 and Record Type 35 clearing data pursuant to Federal Reserve Operating Circular 3 (OC 3), Federal Reserve Bank operating rules, and Federal Reserve Regulation CC (12 C.F.R. Part 229).

9. Defendant acted strictly as the depositary institution / payee with ministerial duties to process and credit accepted cash items. On June 12, 2026, Defendant accepted, processed, tokenized, and credited the pre-funded $20,065.00 payoff payment to Account Number 65216825. Upon processing, the instrument received an electronic Image Service Provider (ISP) endorsement spray and an Image Reference Number (IRN) on the rear of the check image, attaching statutory presentment warranties under Check 21, 12 C.F.R. § 229.52, and U.C.C. §§

4-207/4-208 once the paying bank (Federal Reserve Bank) cleared the transaction. Because the monthly installment of $428.23 was credited alongside the full payoff, Defendant credited an overpayment balance of -$457.90 to the account ledger.

10. Under U.C.C. § 3-603 and Ohio Revised Code § 1303.69 (Tender of Payment), when a tender of payment of an obligation to pay an instrument is made to a person entitled to enforce the instrument and accepted, the debt obligation is legally discharged to the extent of the amount tendered and credited.

11. Following clearing and posting, Defendant formally acknowledged full satisfaction and legal discharge of the vehicle loan in writing and across official digital portals:

- On June 13–16, 2026, Defendant issued system confirmations reflecting a $0.00 Total Amount Due, 100% completion of loan payments, and declared the account "Ineligible for Automatic Payments" because the loan was paid off.
- On June 14, 2026, Defendant issued an official written Paid-in-Full letter stating: "Congratulations! Your account has been paid-in-full. Please keep this letter for your records."
- On June 17, 2026, Defendant's Title Department issued written notification certifying that it electronically released and discharged its lien with the State of Ohio.

12. Relying on Defendant's formal discharge of lien and paid-in-full representations, Plaintiff applied for and was successfully issued an unencumbered State of Ohio Replacement Certificate of Title (Title No. 7802797528) by the Trumbull County Clerk of Courts on June 24, 2026, listing "Lienholder Information: None."

13. Subsequent to final clearing through the Federal Reserve Bank closed-loop system, tokenization, receiving an ISP spray and IRN, discharging its lien on public record, and issuing paid-in-full notices, Defendant unilaterally, arbitrarily, and without legal justification reversed the credited payoff payment of $20,065.00 on or around June 17, 2026 (backdated on ledger entries to June 12, 2026).

14. Because the Federal Reserve Bank as paying bank cleared and allowed the payment to post, Defendant had no legal or contractual authority as a depositary entity to unilaterally reverse a final, settled FRB payment. Defendant's post-clearing reversal violates Federal Reserve Regulation CC finality rules, Federal Reserve Operating Circular 3, constitutes unlawful alteration of cleared cryptographic tokenized cash item records, and violates UCC Article 3 settlement requirements.

15. Defendant proceeded to re-open the satisfied debt, falsely reinstating an active loan ledger, asserting a new payoff quote of $19,960.23 (good through 08/19/2026), demanding $888.58 for July and August 2026, and threatening extrajudicial repossession upon reaching 90 days of

alleged delinquency in September 2026.

## IV. COMPREHENSIVE TIMELINE OF EVENTS

| Date | Document / Action | Description & Legal Significance |
|---|---|---|
| **06/03/2026** | USPS Postal Money Order (#55360135444) | Plaintiff remitted scheduled monthly payment of $428.23 to Ford Credit. |
| **06/09/2026** | Notice of High-Value Fiscal Settlement | Payoff tender of $20,065.00 (Check #501074) drawn on FRB Master Account with tokenized ANSI X9.100-187 ICL data. |
| **06/12/2026** | Ford Credit Transaction Ledger | Payoff posted and cleared via FRB paying bank. Electronic ISP spray and IRN affixed. Account balance credited to -$457.90 overpayment. |
| **06/13/2026–06/16/2026** | Ford Credit Dashboard Statements | System confirms 100% payments made, $0.00 due, and account paid off. |
| **06/14/2026** | Paid-in-Full Letter | Ford Credit sends official written letter confirming account is paid-in-full. |
| **06/17/2026** | Official Lien Release Letter | Ford Credit Title Dept certifies electronic lien discharge to State of Ohio. |

| Date | Document / Action | Description & Legal Significance |
|---|---|---|
| **06/17/2026** | Unlawful Payment Reversal | Ford Credit illegally reverses cleared FRB cash item entry and tokenized settlement without authority. |
| **06/24/2026** | Ohio Certificate of Title (#7802797528) | Trumbull County Clerk of Courts issues clean replacement title showing no liens. |
| **08/13/2026** | Reinstated Billing Statement | Ford Credit falsely demands $888.58 for July/Aug and asserts active debt. |
| **08/19/2026** | Unlawful New Payoff Demand Statement | Ford Credit generates new payoff demand of $19,960.23 on a discharged debt. |

## V. CAUSES OF ACTION

### COUNT I: BREACH OF CONTRACT & ACCORD AND SATISFACTION

*(U.C.C. § 3-603 / R.C. 1303.69)*

16. Plaintiff re-alleges paragraphs 1 through 15 as if fully rewritten herein.

17. Defendant's acceptance and processing of Plaintiff's pre-funded FRB payoff tender, coupled with its written confirmation of Paid-in-Full status and lien discharge, constituted a complete accord and satisfaction of the loan contract under UCC § 3-603 and Ohio R.C. § 1303.69.

18. Defendant breached the satisfied contract by unilaterally reversing cleared payment records, improperly assessing subsequent finance charges, and demanding continued installment

payments on a fully discharged debt.

## COUNT II: CONVERSION & UNLAWFUL THREAT OF REPOSSESSION

*(U.C.C. § 9-609 & § 9-625 / R.C. 1309.609 & 1309.625)*

19. Plaintiff re-alleges paragraphs 1 through 18 as if fully rewritten herein.

20. Plaintiff holds absolute legal title and right of possession to the 2024 Ford Edge under Ohio Title No. 7802797528, free of any security interest or lien.

21. Under UCC § 9-609 and R.C. 1309.609, a secured party may only take possession of collateral after default. Because the underlying debt was discharged and no lien exists, any attempt by Defendant or its agents to repossess or encumber the vehicle constitutes illegal conversion under Ohio law and exposes Defendant to statutory damages under UCC § 9-625 (R.C. 1309.625).

## COUNT III: VIOLATION OF FEDERAL RESERVE REGULATION CC, OPERATING CIRCULAR 3, AND CHECK 21 PRESENTMENT WARRANTIES

*(12 C.F.R. PART 229 & U.C.C. §§ 4-207 / 4-208)*

22. Plaintiff re-alleges paragraphs 1 through 21 as if fully rewritten herein.

23. The $20,065.00 payoff instrument was processed as a pre-funded tokenized cash item through the Federal Reserve Bank as paying bank within its closed-loop clearing system, receiving an electronic Image Service Provider (ISP) endorsement spray and an Image Reference Number (IRN) upon posting to Defendant as depositary.

24. Pursuant to Federal Reserve Regulation CC (12 C.F.R. § 229.52), U.C.C. §§ 4-207 and 4-208, and Check 21 standards, the processing and clearing of the tokenized electronic payoff item by the paying bank carried mandatory statutory presentment and transfer warranties—including warranties of image integrity, non-duplication, and settlement finality—which bound Defendant upon its acceptance, posting, and retention of the cleared funds. Defendant, holding only ministerial depositary duties, exceeded its lawful authority by unilaterally reversing an executed, cleared FRB payment.

## COUNT IV: VIOLATION OF THE FAIR CREDIT REPORTING ACT

*(15 U.S.C. § 1681s-2)*

25. Plaintiff re-alleges paragraphs 1 through 24 as if fully rewritten herein.

26. Defendant's improper reversal and false billing creates an immediate threat of adverse, illegal credit reporting against Plaintiff and Trustee under 15 U.S.C. § 1681s-2, falsely representing satisfied debt as delinquent.

## COUNT V: DECLARATORY JUDGMENT

*(28 U.S.C. § 2201)*

27. An actual, justiciable controversy exists between Plaintiff and Defendant regarding the financial status of Account Number 65216825 and ownership of the 2024 Ford Edge.

28. Plaintiff is entitled to a judicial declaration that the debt is fully satisfied, Defendant's lien is legally discharged, and Plaintiff holds clear, unencumbered title.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment against Defendant as follows:

1. **Declaratory Order:** Declaring Account Number 65216825 paid-in-full and discharged with prejudice under UCC § 3-603, confirming Plaintiff's unencumbered title under Ohio Certificate of Title No. 7802797528;
2. **Injunctive Relief:** Permanently enjoining Defendant from engaging in collection efforts, attempting repossession under UCC § 9-609, assessing late fees, demanding further payoff figures, or filing negative credit reporting regarding this account;
3. **Compensatory Damages:** Awarding actual damages for breach of contract, conversion, administrative harm, and illegal payment reversal in an amount to be proven at trial;
4. **Statutory & Punitive Damages:** Awarding statutory damages under UCC § 9-625 and punitive damages for willful and malicious account reversal and misrepresentation;
5. **Refund of Overpayment Credit:** Ordering Defendant to remit the $457.90 overpayment balance to Plaintiff;
6. **Costs & Attorney Fees:** Awarding reasonable costs, administrative expenses, and legal fees; and
7. Granting such other and further relief as this Court deems just and proper.

**JURY DEMAND:** Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

Tosca Sharanne Owens TTEE

**Tosca Sharanne Owens, Sole Trustee**

Tosca Sharanne Owens Trust
1326 Southern Blvd NW
Warren, OH 44485-2044