PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TOSCA SHARANNE OWENS TRUST, | ) | |
| | ) | CASE NO. 4:26-CV-1939 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| FORD MOTOR CREDIT COMPANY, LLC, | ) | |
| | ) | **MEMORANDUM OF OPINION AND ORDER** |
| Defendant. | ) | |
| | ) | [Resolving ECF No. 3] |

Pending before the Court is a Motion for *Ex Parte* Temporary Restraining Order and Preliminary Injunction (ECF No. 3) filed by *pro se* Plaintiff Tosca Sharanne Owens Trust. As explained herein, the motion (ECF No. 3) is denied.

**I.**

Plaintiff alleges breach of contract, conversion, violations of the Federal Reserve regulations, violations of the Fair Credit Reporting Act, and seeks a declaratory judgment and injunction against Defendant Ford Motor Credit Company, LLC from repossessing a certain vehicle. ECF No. 1. According to Plaintiff, she bought a car and financed it through Defendant. She then created a check from the Federal Reserve Bank as a "payoff" (ECF No. 1-5), which she submitted to Defendant as payment in full for the vehicle in the amount of $20,065.00. ECF No. 1 at PageID ##: 4–5; ECF No. 1-5 at PageID #: 19. Although Defendant initially accepted the check, it subsequently reversed the transaction and sought payment for the vehicle. ECF No. 1-7 at PageID #: 40.

Now pending is Plaintiff's Motion for an *Ex Parte* Temporary Restraining Order and Preliminary Injunction (ECF No. 3) to enjoin Defendant from repossessing the vehicle for nonpayment.

**II.**

When weighing prospective injunctive relief, district courts consider whether: (1) the movant has a strong likelihood of success on the merits; (2) the movant would suffer irreparable injury without injunctive relief; (3) injunctive relief would cause substantial harm to others; and (4) the public interest. *Stryker Emp. Co., LLC v. Abbas*, 60 F.4th 372, 387 (6th Cir. 2023) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)); *see Reid v. Hood*, No. 1:10 CV 2842, 2011 WL 251437, at *2 (N.D. Ohio Jan. 26, 2011) (Gwin, J.) (citing *New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1347 n.2 (1977)) (noting that "standard for issuing a temporary restraining order is logically the same as for a preliminary injunction with emphasis, however, on irreparable harm given that the purpose of a temporary restraining order is to maintain the status quo"). The movant "bears the burden of persuading the court that the factors weigh in favor of granting a preliminary injunction" and "must establish [their] case by clear and convincing evidence." *Williamson v. White*, No. 93-6017, 1994 WL 49594, at *1 (6th Cir. Feb. 17, 1994) (citing *Granny Goose Foods, Inc. v. Brotherhood of Teamsters and Auto Truck Drivers Local No. 70 of Alameda Cty.*, 415 U.S. 423, 441 (1974)). Plaintiff's motion fails to satisfy that burden.

First, "[a]lthough no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. Nat'l Bd. of Medical Examiners*, 225 F.3d 630, 625 (6th Cir. 2000). While Plaintiff need not prove her case, she must show more than a mere possibility of success. *Certified Restoration Dry Cleaning Network, LLC v. Tenke Corp.*,

511 F.3d 535, 543 (6th Cir. 2007). While the Court saves the merits assessment of her complaint for another day, nothing in Plaintiff's Motion demonstrates that she is likely to succeed on the merits. Her claims that she successfully remitted payment for the vehicle are suspicious at best.[1] When that payment did not clear, Defendant reinstated its lien on the vehicle and is now seeking to repossess the vehicle for nonpayment. Based on the complaint and its attachments, it is dubious whether Plaintiff's payment was successful, and she has not demonstrated to the Court's satisfaction that Defendant in fact received full payment for the vehicle. Thus, Plaintiff has not demonstrated a likelihood of success on the merits.

Second, and in any event, she has not demonstrated irreparable harm. *See PCC Airfoils, LLC v. Daugherty*, 176 F.4th 509, 513 (6th Cir. 2026) ("[T]he *existence* of an irreparable injury is mandatory.") (original emphasis). Her motion only seeks to prevent the repossession of the car, which can be compensated monetarily. *See EOG Resources, Inc. v. Lucky Land Mgmt. LLC*, 134 F.4th 868, 884 (6th Cir. 2025) (citing *Overstreet v. Lexington-Fayette Urb. Cty. Gov't*, 305 F.3d 566, 578 (6th Cir. 2002)) ("Irreparable" means "not fully compensable by monetary damages."). Because she failed to show irreparable harm, the motion is denied.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for *Ex Parte* Temporary Restraining Order and Preliminary Injunction (ECF No. 3) was improvidently filed and there is no likelihood of success on the merits. Accordingly, the Motion (ECF No. 3) is denied. The Court does not yet

[1] Private individuals are prohibited by law from opening bank accounts with the Federal Reserve Bank, which only services banks and governmental entities. *See* Federal Reserve Bank: FAQ – Does the Federal Reserve maintain accounts for individuals? Can individuals use such accounts to pay bills and get money? Curious then that Plaintiff obtained a check for over $20,000.00 from a Federal Reserve Bank "master account."

dismiss this case under 28 U.S.C. § 1915, but resolves this Motion promptly to provide clarity to Plaintiff.

IT IS SO ORDERED.

| | |
|---|---|
| August 19, 2026 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson<br>United States District Judge |