PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TOSCA SHARANNE OWENS TRUST, | ) | |
| | ) | CASE NO. 4:26-cv-1939 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| FORD MOTOR CREDIT COMPANY, LLC, | ) | |
| | ) | |
| | ) | **MEMORANDUM OF OPINION AND ORDER** |
| Defendant. | ) | |
| | ) | |

Trustee Tosca Sharanne Owens ("Owens") filed this action as the fiduciary of the Tosca Sharanne Owens Trust ("the Trust") against Ford Motor Credit Company, LLC ("FMCC"). Owens alleges that the Trust purchased a vehicle from Klaben Ford in Warren, Ohio and financed this purchase through FMCC. Owens made several scheduled payments on the loan and then attempted to pay-off the balance using a fictitious document which resembled a check but which was drawn on a non-existent Master Account at the Federal Reserve Bank. FMCC treated the document as it would any check but soon discovered that it could not be processed. FMCC then contacted Owens and corrected the loan account to reflect that the purported check had not cleared. Owens appears to contend that because FMCC took possession of the purported check, FMCC was obligated to accept it as payment even though it was not drawn on a valid account and did not result in a transfer of funds. She filed this action on behalf of the Trust asserting claims of breach of contract, conversion,

violation of Federal Reserve regulations, and potential violation of the Fair Credit Reporting Act. She seeks monetary damages.

## I. Background

Owens alleges that she is the Trustee for the Tosca Sharanne Owens Trust, which the Ohio Secretary of State certified as a business trust. ECF No. 1-4 at PageID #: 16. The Trust purchased a 2024 Ford Edge from Klaben Ford in January 2026 and financed that purchase through FMCC. ECF No. 1-6 at PageID #: 23. The Trust made four standard payments on the sixty-one month commercial installment loan. ECF No. 1-6 at PageID #: 25.

In June 2026, Owens attempted to pay off the loan without using any money from the Trust assets or from her personal funds. She tendered a document that appeared to be a check in the amount of $20,065.00. She listed the Trust on the part of the check that generally would contain the name, address and telephone number of the account holder, and included numbers resembling routing numbers and account numbers across the bottom of the document. The routing number and account number, however, were fictitious and the "check" purported to be drawn on a "master account" at the Federal Reserve Bank, which are only available to depository banks.

Initially, it appeared that the tactic had been successful. FMCC showed a credit on the Trust's loan account for $20,065.00. When the document did not clear as a check because it was not drawn on an existing bank account belonging to either Owens or the Trust, FMCC voided the transaction and corrected its records to reflect the full remaining loan balance. Owens contends that because FMCC took possession of the document and attempted to process it as payment, that it could not later refuse to credit the loan account,

even when it became apparent that the account the document named did not exist and no funds were transferred to FMCC.

Owens brought this lawsuit against FMCC on behalf of the Trust, claiming that FMCC breached their contract, and converted the vehicle title back to one encumbered by the lien. She contends that FMCC violated Federal Reserve regulations by refusing to credit the Trust's account with the amount of the faulty check. Finally, she claims that the reversal of the fictional transaction creates a threat of a future adverse credit reporting against her personally and in her capacity as Trustee. She claims this could result in a violation of the Fair Credit Reporting Act. She asks this Court to declare the Trust to be the owner of the Ford Edge free and clear of any liens, and award her unspecified monetary damages.

## II. Standard for Dismissal

The Court is required to construe a *pro se* Complaint liberally and to hold it to a less stringent standard than one drafted by an attorney. *Smith v. City of Wyoming*, 821 F.3d 697, 706 (6th Cir. 2016) (citing *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005)). District courts are permitted to conduct a limited screening procedure and to dismiss, *sua sponte*, a fee-paid Complaint filed by a non-prisoner if it appears that the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Fire-Dex, LLC v. Admiral Insurance Company*, 139 F.4th 519, 530 n. 3 (6th Cir. 2025) (citing *Apple v. Glenn*, 183 F.3d 47, 479-80 (6th Cir. 1988)). *See also*, *Vos v. Cordray*, 719 F.Supp.2d 832, 837 (N.D. Ohio 2010) (using the standard from *Apple* to sua sponte dismiss a *pro se* complaint). Dismissal on a *sua sponte* basis is also authorized when the asserted claims lack an arguable basis in law, or if the district court lacks subject matter jurisdiction over the matter. *Id.* at 530 at n. 3.

## III. Law and Analysis

### A. Owens is not permitted to represent the Trust.

As an initial matter, Owens cannot bring this action on behalf of the Trust. The statute authorizing self-representation in federal court, 28 U.S.C. § 1654, provides that "parties may plead and conduct their own cases personally or by counsel...." It does not allow a party to "appear *pro se* where interests other than their own are at stake." *Olagues v. Timken*, 908 F.3d 200, 203 (6th Cir. 2018) (citing *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002)). A Trustee and a Trust are two separate entities. They are not interchangeable.

In the context of an Estate, the Sixth Circuit has held that "a personal representative may appear *pro se* on behalf of an Estate only if he or she is the sole beneficiary of the Estate and the Estate has no creditors." *Est. of Bessette v. Wilmington Tr., N.A.*, No. 17-1199, 2017 WL 3747204, at *1 (6th Cir. May 16, 2017) (unpublished opinion) (citing *Bass v. Leatherwood*, 788 F.3d 228, 230 (6th Cir. 2015)). *See also*, *Jacquelyn S Jordan Tr. v. City of Franklin*, No. 3:22-CV-00326, 2022 WL 1507196, at *1 (M.D. Tenn. May 12, 2022). It is unclear whether Owens is the sole beneficiary of the Trust. The nature of this action, however, makes it is clear that the Trust has at least one creditor---FMCC. The Trust, therefore, can only appear in Court through an attorney and Owens is not an attorney licensed in Ohio or elsewhere.[1] Owens cannot file pleadings, argue or otherwise represent the Trust as its counsel in Court. *Taylor-El v. City of Cleveland*, No. 1:25-CV-02597, 2026 WL 2873790, at *3–4 (N.D. Ohio Sept. 24, 2026).

[1] Owens does not claim to be an attorney at law and the Court has not found any registry that shows that Owens is permitted to practice law.

**B. The Complaint is Frivolous**

This case is frivolous and devoid of merit. The Supreme Court of the United States has defined a "frivolous" case as one in which a Plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Owens tendered documentation that purported to draw funds from a Master Account at the Federal Reserve. A Master Account is simply a bank account for banks that "gives deposit institutions access to the Federal Reserve System's services, including its electronic payments system." *Fourth Corner Credit Union v. Fed. Rsrv. Bank of Kansas City*, 861 F.3d 1052, 1053 (10th Cir. 2017). Master Accounts are only available to depository banks. They are not available to individuals or to private trusts. Neither Owens nor the Trust had a Master Account at the Federal Reserve. In summary, to purchase the car at issue, Owens tendered a fake check drawn on a fictitious bank account.

While her actions initially may have misled FMCC, it is clear that FMCC did not receive any funds to pay off the loan, and neither Owens nor the Trust had money deducted from an actual bank account to pay off the loan balance. No money changed hands in this failed transaction. At best this was a misguided plan that in no way was a proper means of paying off the loan balance.[2] Viewed less generously, it was an attempt to commit fraud.

---

[2] In fact, the Federal Reserve has issued the following statement on its website warning of an internet scam:

> A recent hoax circulating on the internet asserts that the Federal Reserve maintains accounts for individuals that are tied to the individual's Social Security number, and that individuals can access these accounts to pay bills and obtain money. These claims are false. The Federal Reserve does not maintain accounts for individuals, and individuals should not attempt to make payments using Federal Reserve Bank

Because all of the claims asserted in this Complaint are based on the faulty premise that the Trust is entitled to enforce acceptance of a fictitious document as payment, they are all frivolous. Simply put, the Trust is seeking to enforce a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327.

**C. The Court lacks jurisdiction over this matter.**

Furthermore, Owens failed to establish a basis for this Court's subject matter jurisdiction. Owens claims both diversity of citizenship and federal question jurisdiction. ECF No. 1 at PageID # 1–2. Neither is present in this case.

Diversity of citizenship requires not only that both the Plaintiff and Defendant be citizens of different states, but that the amount in controversy be over $75,000.00. 28 U.S.C. § 1332(a); *see also*, *Hertz Corp. v. Friend*, 559 U.S. 77, 96–97 (2010). When a Plaintiff alleges a specific amount of damages in the Complaint, that amount controls unless it appears to a legal certainty that the Plaintiff in good faith cannot claim the jurisdictional amount. *Kuns v. Ford Motor Co.*, 543 Fed.Appx. 572, 575 (6th Cir. 2013)

---

> routing numbers or **false** routing numbers. Individuals who attempt to pay bills or conduct other transactions using a Federal Reserve Bank routing number may face penalty fees from the company they were attempting to pay, or the suspension or closure of their commercial bank or payment service provider accounts. Law enforcement, including the Federal Bureau of Investigation (FBI), is aware of this scheme, and individuals who participate in such schemes could also face criminal charges.

*See FAQs*, https://www.federalreserve.gov/faqs/does-the-federal-reserve-maintain-accounts-for-individuals-can-individuals-use-such-accounts-to-pay-bills-and-get-money.htm, (last visited Oct. 28, 2026) (emphasis in original).

(citing *Charvat v. NMP, LLC*, 656 F.3d 440, 447 (6th Cir. 2011)). Here, Owens does not specify the amount she is seeking in damages. Owens bears the burden of establishing this Court's subject matter jurisdiction. For purposes of diversity of citizenship jurisdiction, Owens must demonstrate that the complete-diversity and the amount-in-controversy requirements are met. *Hertz Corp.*, 559 U.S. at 96–97. Because she has not alleged an amount for damages, she has not met her burden to establish the amount-in-controversy requirement. Moreover, nothing in the Complaint suggests that more than $75,000.00 is in dispute. The purported a check submitted to pay off the balance of the loan was written for $20,065.00. That is far beneath the jurisdictional amount. Owens has not established diversity jurisdiction.

For federal jurisdiction to otherwise exist in this case, a federal question is required. A Plaintiff properly invokes federal question jurisdiction under 28 U.S.C. §1331 when she "pleads a colorable claim 'arising under' the Constitution or laws of the United States." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006). Jurisdiction is not defeated by the possibility that the Complaint might fail to state a claim upon which relief may be granted. *Stewart v. Martin*, 143 F.4th 675, 682 (6th Cir. 2025) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (internal quotation marks and alterations omitted). However, "[a] claim invoking federal-question jurisdiction under 28 U.S.C. § 1331 ... may be dismissed for want of subject-matter jurisdiction if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'" *Arbaugh*, 546 U.S. at 513 n. 10 (quoting *Bell v. Hood*, 327 U.S. 678, 682–83 (1946)).

Owens cites to a federal regulation and a federal statute as the basis of federal question jurisdiction. As an initial matter, federal regulations themselves cannot create a private

right of action, because that authority is within the exclusive province of Congress. *Federal Defenders of New York, Inc. v. Federal Bureau of Prisons*, 954 F.3d 118, 129–30 (2nd Cir. 2020) (citing *Smith v. Dearborn Financial Services*, 982 F.2d 976, 979 (6th Cir.1993)); *see also, Morales v. Walker Motors Sales, Inc.*, 162 F. Supp. 2d 786, 790 (S.D. Ohio 2000). There is no bases to find that Congress created a private right of action under 12 C.F.R. § 229.52, the regulation under which Owens seeks to bring a cause of action.[3]

Finally, Owens indicates that if FMCC reports a future failure to pay loan installments to a credit reporting agency, it may result in a violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2. This claim is entirely based on what could happen in the future. The Complaint does not indicate that Owens actually missed a payment or that FMCC reported the account as delinquent. There are no facts that suggest how any of the FMCC's actions have violated the Fair Credit Reporting Act. This claim is entirely speculation, and is insufficient to establish federal court jurisdiction.

## IV. Conclusion

For the reasons above, this case is dismissed because Owens is not an attorney and cannot represent the Trust. Alternatively, the case is dismissed as frivolous and for lack of

---

[3] Furthermore, the regulation on which Owens relies concerns substitute checks. Owens appears to confuse the definition of a substitute check, which is a paper copy of a valid original check, with a fake check. 12 C.F.R. § 229.52. A substitute check is not one drawn on a fictitious account. In addition, the regulation applies to "[a] bank that transfers, presents, or returns a substitute check (or a paper or electronic representation of a substitute check) *for which it receives consideration*[.]" 12 C.F.R. § 229.52. FMCC is not a bank. This regulation is wholly irrelevant to this case.

subject matter jurisdiction. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

The Telephonic Case Management Conference set for November 2, 2026 at 2:00 p.m. is cancelled.

IT IS SO ORDERED.

October 29, 2026
Date

*/s/ Benita Y. Pearson*
Benita Y. Pearson
United States District Judge